## RUCKER v. STATE.

Ohio Supreme Court.

No. 20935. Decided May 31, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

**291. CONSTITUTIONAL LAW—941. Practice and Procedure.**

Court will not pass upon constitutionality of statute unless question is presented by record and decision becomes necessary to determination of cause.

**333. CRIMINAL LAW—803. Murder.**

Drunkenness no excuse for crime. Proof of intoxication competent, as bearing upon question of intent and premeditation, or to show that no crime was committed.

**423. DRUNKENNESS—643. Insanity.**

Drunkenness not insanity unless derangement which it causes becomes fixed and continued, rendering party incapable of distinguishing between right and wrong.

**225. CHARGE OF COURT—1077. Self Defense.**

In criminal case where court omits to charge upon feature claimed applicable to evidence, defendant should make specific request for instruction. Where evidence does not show facts which justify charge upon subject of self defense and no request is made for such instruction, omission by court will not warrant reversal.

**908. PEREMPTORY CHALLENGE.**

In trial for first degree murder, court may, in absence of governing statute, determine manner of exercise of right of peremptory challenge.

DAY, J.

1. A court will not pass upon a constitutional question and declare a statute invalid unless such question is presented by the record and a decision upon that point becomes necessary to the determination of the cause.

2. Acute alcoholism or mental incapacity produced by voluntary intoxication existing temporarily at the time of the homicide is generally no excuse or justification for the crime. Proof of such intoxication, however, is competent and proper for the jury to consider as bearing upon the question of intent and premeditation, in determining whether the accused is guilty of murder in the first degree or some lesser degree of homicide, or to show that no crime was committed. (Nichols v. State, 8 Ohio St., 435; Davis v. State, 25 Ohio St., 369; Cline v. State, 43 Ohio St., 332; and Long v. State, 109 Ohio St., 77, approved and followed.)

3. Drunkenness is not insanity, nor does it answer to what is termed an unsound mind, unless the derangement which it causes becomes fixed and continued by the drunkenness being habitual, or by chronic alcoholism, and thereby rendering the party incapable of distinguishing between right and wrong, the same as insanity produced by any other cause.

4. In a criminal case where the court omits to charge upon a feature of the law claimed to be applicable to the evidence, the defendant, in order to predicate reversible error upon the court's omission, should call the court's attention to that point and make a specific request for such instruction.

5. Where upon trial for murder the evidence does not show facts at the time of the homicide which justified a charge upon the subject of self defense and no request was made for such instruction, its omission by the court will not warrant a reversal upon such ground.

6. In a trial for murder in the first degree, the trial court may determine the manner of the exercise of the right of peremptory challenge in the absence of a rule fixed by statute governing the same.

(Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)